**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HIRAMBO INC.

    Plaintiff/Counter-Defendant,

v.

LOGIC SOLUTIONS INC.,

    Defendant/Counter-Plaintiff.

Case No. 14-14236

Hon. Robert H. Cleland

Magistrate David R. Grand

**STIPULATED
PROTECTIVE ORDER**

---

| | |
|---|---|
| David Szostek (P78171) | Catherine T. Dobrowitsky (P63245) |
| Edward Allen Law, PLLC | Rivenoak Law Group, P.C. |
| Attorneys for the Plaintiff /Counter-Defendant | Attorneys for Defendant /Counter-Plaintiff |
| 2010 44th St. S.E. | 101 W. Big Beaver Road, Suite 1400 |
| Grand Rapids, MI 49508 | Troy, MI 48084 |
| (616) 226-8002 | (248) 677-1045 |
| dave@edwardallenlaw.com | ecf@rivenoaklaw.com |

---

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and by stipulation of the Parties — Plaintiff/Counter-Defendant Hirambo, Inc. and Defendant/Counter-Plaintiff Logic Solutions, Inc. — the Court hereby enters a Stipulated Protective Order as follows:

**1.      Confidential Information Protected from Disclosure**

1

  **a.**   **Confidential Information.** Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Such designation will make the documents and all copies, prints, summaries, excerpts, or other reproductions of such documents subject to this order.

  **b.**   **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

  **c.**   **Scope.** For purposes of this agreement, documents or electronically stored information (as those terms are

defined in Fed. R. Civ. P. Rule 34(a)) that the parties produce will be used only in this action and for no other purpose. This includes information derived from documents, such as business or technical practices or processes.

      **d.**    **Protective Measures.** The contents of the parties' confidential documents will not, without leave of the Court, be communicated in any way to anyone other than (1) this Court, under seal; (2) counsel for the parties in this action and their paralegal and clerical assistants; (3) independent experts or consultants retained by a party or counsel to assist in the preparation and trial of this case, provided such persons have, before disclosure, agreed, in writing, to be bound by the terms of this Stipulated Protective Order, by signing Exhibit A; (4) deponents, according to the terms of subsection (f), below; and (5) the parties and/or their employees, to the extent that involvement with this action is part of their job duties.

Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of disclosure to the proposed expert or consultant.

With the exception of court personnel, persons permitted to review confidential documents under this order will, before obtaining access to the documents or information, be shown a copy of this Stipulated Protective Order and agree, in writing, to be bound by its terms, by signing Exhibit A. Counsel for the party wishing to disclose the material must retain the signed Exhibit A, hold it in escrow, and produce it to opposing counsel on request.

Each party to this action, its employees, and its counsel will be advised of, and be bound by, the terms of this Stipulated Protective Order.

    **e.**    Non-Disclosure of Highly Confidential Information – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

   **i.**  Attorneys of record in this lawsuit and their support staff (e.g., copying and document management personnel).

   **ii.**  Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case, who also agree to abide by the terms of this Protective Order by signing Exhibit A. If a party names a current or former employee, contractor, executive, agent, or representative of the party as its independent expert or consultant, the party may not disclose any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to said expert or consultant.

   **iii.**  Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order by signing Exhibit A. If a party deposes a current or former employee, contractor, executive, agent or representative of the party, the party may not disclose any document or thing designated "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY" to said expert or consultant either in the course of or in preparation for the deposition.

   **iv.**  This Court and its staff members.

  **f.** **Depositions.** Attendance at depositions taken in this action at which confidential documents or any information contained in those documents is identified, discussed, or disclosed will be limited to the deposition notary or court reporter, the witness, counsel for the witness, counsel for the parties, agents for counsel of the parties, and any representatives of the parties who have agreed in writing to be bound by the terms of this Stipulated Protective Order by signing Exhibit A.

  If any confidential documents are to be used during the deposition in this action of any person who is not an officer or employee of a party, the deponent will be required to acknowledge on the record that he or she is aware of, and agrees to be bound by, the terms of this Stipulated Protective Order. The portion of the deposition transcript concerning any confidential document will not be disclosed to any person, except as provided in this Stipulated

Protective Order, and it will be bound separately by the court reporter and labeled "Confidential."

Any portions of requested testimony, a transcript, and/or a brief, may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

**g. Motions.** All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's

courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

      **h.**    **Storing Electronic Confidential Information.**

Any electronic confidential information received from other parties must be stored in a way that is designed to securely prevent unauthorized access or disclosure of the electronic confidential information.

      **i.**    **Informal Waiver Permitted.** Any party to this action may request from the other party or parties that the provisions of this Stipulated Protective Order be waived for one or more confidential documents. Any such waiver must be in writing, signed by counsel for all parties, and it must be limited to the particular document(s) specifically identified in the written waiver.

**2.**    **Challenging a Designation of Confidentiality.**

The parties may challenge the propriety of another party's designation of specific material as confidential by: (1) serving a written objection on the designating party's counsel, (2) specifying the particular document(s) about which the objection is made, (3) and explaining the grounds for the objection.

The parties must promptly attempt to resolve any challenge informally, in good faith. If a challenge is not resolved informally, either party may, on reasonable notice, move for appropriate ruling(s) from this Court. The designating party shall have the burden of justifying its designation. The document(s) at issue must be treated as confidential and subject to the restrictions of this Stipulated Protective Order until the Court orders otherwise.

**3. Designation of Confidentiality Does Not Constitute an Admission or Agreement.**

This Stipulated Protective Order is solely intended to facilitate the preparation and trial of the action and it must not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged, confidential, or proprietary information under applicable

law. This Stipulated Protective Order may not be used in evidence at trial.

4. **Late Designation of Confidential Documents.**

A producing party may notify a receiving party that it inadvertently produced material that should have been designated as confidential documents under this order, without the confidential document designation.

On receipt of such notice, the receiving party will (1) immediately treat the material as if it had been designated as confidential documents; (2) place the appropriate designation on the material within two business days; and (3) provide the producing party with a list of all persons who are known to have seen, had access to, or learned the contents of the material.

5. **Post-Action Survival and Return of Confidential Documents.**

All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to the party that produced them

upon the final disposition of this action or they must be destroyed, with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

In the case of electronic confidential documents or things, if the producing party requests that the receiving party destroy its electronic confidential documents or things, the receiving party must provide the producing party a Certificate of Destruction that confirms that it destroyed the producing party's electronic confidential documents and/or things.

**6.     Trial Testimony.**

This Protective Order shall not govern proceedings at trial.

**7.     Privileged Information Subject to Claw Back**

**a.     Non-Waiver.**  Any inadvertent disclosure or production of documents protected by the attorney-client privilege

11

or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.

No inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party.

      **b.**    **Notification by Receiving Party.** In the event that the receiving party discovers that it has received either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the producing party immediately upon discovery.

      **c.**    **Demand and Return.** Upon the request of the producing party, the receiving party will promptly return to the producing party any attorney-client privilege or work-product-protected document and any copies that the receiving party may have made and identify the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document.

The disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of

the disclosure and the producing party does not request the return of the privileged matter within 10 days.

        **d.**    **Enforcement Cost Shifting.** If a party must seek judicial enforcement of this section, the costs and reasonable attorney's fees of the party seeking enforcement will be paid by the party against whom such enforcement must be sought, but only if the Court finds the existence of a valid privilege and grants enforcement of this agreement by ordering the return and non-evidentiary use of the produced document.

**8.**    **Further Protective Orders Permitted.**

Nothing in this Stipulated Protective Order shall be construed to preclude a party from seeking additional protection of confidential or privileged materials or from otherwise seeking a modification of this Stipulated Protective Order.

**9.**    **Discovery from Third Parties**

This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under either the

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

If a receiving party is served with a subpoena or other form of compelled disclosure that requests a producing party's confidential documents or things, the receiving party will promptly notify the producing party of the compelled disclosure request. The receiving party will also refrain from taking any actions that would interfere with any actions that the producing party may avail itself of to prevent the disclosure of its confidential documents or things.

**10.    Protection Effective on Execution.**

This Stipulated Protective Order will become effective on its execution by the undersigned counsel for the parties, notwithstanding the date that the Court enters this Stipulated Protective Order.

**SO ORDERED.**


Dated: February 5, 2015         S/Robert H. Cleland

                                Honorable Robert H. Cleland
                                United States District Judge

14

Approved as to form and content:

| | |
|---|---|
| /s David Szostek (with consent) | /s Catherine T. Dobrowitsky |
| Edward Allen Law, PLLC | Rivenoak Law Group, P.C. |
| Attorney for Plaintiff/Counter-Defendant | Attorneys for Defendant/Counter-Plaintiff |
| 2010 4th St. S.E. | 101 W. Big Beaver Rd., Ste. 1400 |
| Grand Rapids, MI 49508 | Troy, MI 48084 |
| (616) 226-8002 | (248) 677-1045 |
| dave@edwardallenlaw.com | ecf@rivenoaklaw.com |
| (P78171) | (P63245) |

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HIRAMBO INC.

    Plaintiff/Counter-Defendant,
v.
LOGIC SOLUTIONS INC.,

    Defendant/Counter-Plaintiff.

Case No. 14-14236

Hon. Robert H. Cleland

Magistrate David R. Grand

_____/

| | |
|---|---|
| David Szostek (P78171) | Catherine T. Dobrowitsky (P63245) |
| Edward Allen Law, PLLC | Rivenoak Law Group, P.C. |
| Attorneys for the Plaintiff | Attorneys for Defendant |
| /Counter-Defendant | /Counter-Plaintiff |
| 2010 44th St. S.E. | 101 W. Big Beaver Road, Suite 1400 |
| Grand Rapids, MI 49508 | Troy, MI 48084 |
| (616) 226-8002 | (248) 677-1045 |
| dave@edwardallenlaw.com | ecf@rivenoaklaw.com |

_____/

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL –

   ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

  Date: _____

  _____

             [Signature]